I desire to say in this matter that I came to the conclusion, which is adopted by the court, with a great deal of reluctance. It seems to me a rather harsh rule to say that a party may come to this forum with his grievance, in order to have it adjusted and judicially determined by the court, and at the same time say that when the other party has filed an answer which puts in issue certain facts, which may be true or not true, and upon that demands a jury, that, by reason of the fact of such answer and such issue and such demand for a jury, the plaintiff must go out of court and not have the matter determined. However, the Organic Act gives to this court original jurisdiction inmandamus proceedings in such cases as are provided by law, and if the law makes no provision by which the action of mandamus
may be determined in the usual method provided for such cases — a case of this character — then, there is no jurisdiction of mandamus in such cases provided by law, because the law has not provided a means by which that action can be determined. The defendant has a right, as we have all determined, to make such a response, such return as that which is made; he has a right to make an issue of fact, as in all other civil actions. The action, being one at law, being one that, *Page 112 
under our code, is termed a civil action, the same as all other civil actions, and the right of trial by jury being given in such actions, the defendant, also, has an absolute right of trial by jury, which we cannot deny.
We come, then, to one of two propositions as to whether the seemingly harsh method of depriving the plaintiff of his right, in the case, of proceeding further, or of denying to the defendant the right, which he absolutely has, of a trial by jury, because there are no means provided by law whereby a jury can be provided in this court. The legislature has been at fault in that particular, and it is not for the courts to remedy the defect by judicial legislation. That we could not do.
Now, the plaintiff, in that state of the legislation, when he comes into the court, takes the chances of such issues being made as will, under the law, deprive him of his right to finally proceed with the case and have it determined there.
We, therefore, come to the conclusion that the cause cannot further proceed in this court, because such issues are made as upon which the parties have a right to a jury trial, and, no means being provided by the legislature by which this court can secure a jury, the cause must come to an end.